Good morning may it please the court my name is Edward O'Connor I'm the attorney for the Eclipse Group with the appellants. I would just start off by saying that the contract in question is a classic joint in several agreement. There is nothing in this agreement on the four corners which in any way indicates that there is separate independent portion of the liabilities for the two payors. The contract makes it clear the two payors are responsible for making separate payments to Eclipse and to Lobin tolling a certain amount of money. There's nothing in there which says however Target is only responsible for X percent and Kmart is only responsible for Y percent. It does say that they can pay this thing by terms of one check. Let me ask you this though okay given that Target was liable for roughly two-thirds of the unpaid legal fees identified in the complaint why was it unreasonable for the district court to have concluded that the parties intended for Target and Kmart to pay a corresponding portion of the settlement amount? Well there's two responses the first is it doesn't matter whether it was reasonable if that was their intent it's not specified in the agreement and that's what controls. The second thing is this agreement doesn't say joint in several and it doesn't say two-thirds and one-third so in in my view thank you for both of you for an agreement that's a hot mess and so what both of you want it to say it doesn't say so then my understanding is you know it's hard for me to say that it wouldn't be ambiguous or in California anyway you can look at parole evidence anyway right? Well you can look at it to resolve an ambiguity you can't look at it to change the terms or add anything to the contract which isn't there. Help me on something there oh sorry go ahead no go ahead help me on something there I had trouble seeing why the parole evidence mattered it didn't look as though the parole evidence was clarifying an ambiguity it looked as though whatever was the situation before the parole evidence still was the situation after what what does it matter? I don't think it does I mean that was part of our position the parole evidence was was that the target had taken a position that it was only responsible for a certain percentage of the bills and I didn't answer that part of your question I'll go in a second but that was that that was target said that in negotiation never did we agree to that there's nothing in the parole evidence rules that indicates there was a meeting of the mind on any separate proportion of liability on behalf of the target so in our opinion it added nothing. Why didn't you have it tried in several then? You didn't say that either. I got two lawyers here and I'm going to assume that you know you know we say what we mean and neither of you said what you were asking us to mean right now. Because the law is sort of decided the California statute but you don't even need that just basic contract if there's a contract that says A and B, O, C, five hundred thousand dollars that's a joint and several liability they don't have to use the words joint and several liability it just says A and B, O, C, that's a joint and several and that's what we have here if you look at paragraph three that's exactly what it says at the very beginning it says in consideration etc targeting Kmart agreed to clause to be between Eclipse and Lobin as described below it doesn't say proportionately it says these two together will cause that. Judge Kleinfeld we're getting a lot of feedback on the papers. Sorry. Thank you. Yeah if you could just slow down because I was having difficulty hearing you too. When you say the parole evidence the stating joint and several and contemplating a payment of apportion to me there would seem to be ambiguity I thought the parole evidence did tie invoices to specific amounts in separate cases that the two companies owed. Well that was the previous question by Judge Callahan. The complaints were not limited to a claims on an account this was for work that was done in value and our complaint was for far more than the invoice. But there's 140,000 that's about the third that Kmart isn't paying and it seems that some of that in the parole evidence showed that Target didn't have anything to do with those cases so why you know I guess I'm sort of channeling off of what Judge Higginson was saying it seems like that 140,000 there is some evidence in the parole evidence that would indicate it was just Kmart. There were Kmart cases not cases where Target and Kmart were liable together. Well if that was the basis like I said the individual liabilities based on quantum error was far more than the amount. So we didn't agree that they could apportion and parole evidence is intended but there's an ambiguity to show the intent of the parties not the intent of one of the parties. So the parole evidence that the court referenced and you're referencing this was this was parole evidence submitted by Target to support its position. Never an indication that we agreed to it. So what controls is the writing and that's the parole evidence for that much and it's also in our contract the integration clause once they've written it the discussions that went before are not relevant unless there is a clear ambiguity which means what does this mean? Okay since it doesn't say joint liability let's say it we were to agree that with Target that the settlement agreement doesn't impose joint liability but also determined that the amount of Target's liability under the agreement was uncertain. So what does that do? It blows up the whole thing? Is that what it does? It just blows up the whole agreement because there is no meaning of the minds? Sure if that's the case there's no contract. Nobody's contending there was no contract. So okay wait wait wait wait sorry no sorry that's very so you are not embracing the notion that lack of neutrality the contracts annulled. Yeah I am if there was lack of mutuality there would be no contract. Where did you argue that to the district court? I'm not sure. Well did you even argue it in your principal brief? I'm pretty sure oh yes we did actually in this absolutely. Could you before you get up for rebuttal if you could find the page in your principal brief and the record site to where you argued no neutrality that would be very helpful to me. I thought it only came up in your reply brief in a footnote attempt to adopt Mr. Lobbin's argument. Okay well I'll take a quick look on this when we're what the other side is talking. A little bit curious did did you ever try to mediate this case? Yes we did. With our mediators? Yes we did. All right well I'm just curious after we get through all of this oral argument if I can't speak for my colleagues and we haven't conferenced on this I can't speak on anything but if both of you were sitting there it it strikes me as odd that all right targets already paid quite a bit of money and there's we're talking about a hundred and forty thousand and even though I don't know how much each of you are spending on attorney's fees and I think I looked at the contract before I came to court today that whoever prevails then can have more attorney's fees it no one seems to be thinking like about business decisions here and we've got two businesses going on it just it's curious to me that I bet the attorney's fees of both of you is more than 140,000 now and it's going to be more than that after and and it just seems to me after we all listen to all of this we're asking hard we're gonna ask hard questions of mr. Lechenzer as well as far as that goes so I'm just really curious about that well I don't know your honor but the amount of money involved initially was quite small and we were willing to go down on that well Kmart's in bankruptcy and it's unsecured right so you're not gonna get the money from Kmart exactly that's exactly my point so I know but if if but but if you spend five hundred thousand dollars and lose trying to get the money from Target then you then you have to pay all the attorney's fees right well that's there's a question on that and I don't want to go into that unless you want me to but no but you can't help but that you know there's kind of us you you're looking at it it there's a real-world side to this well that's true the amount the initial amount was a small amount we didn't think there would be an issue sorry sorry for that additional small amount they left us with no choice in my opinion but to litigate this thing we're we're doing this to collect this money on behalf of people who worked on this case I've got a question that the clerks did not advise me of if the clerk could just stop the clock for a second I have a question I am looking at mr. Lobbin here's his face here I wasn't is there some designation on we didn't I generally discuss this before people start it says that mr. O'Connor it well it says mr. lot by mr. Lobbin it says two minutes is that correct can I can the clerk come on for a sec that's correct that's what it says all right does that depend whether we even decide whether mr. Lobbin is a party to this I did not prepare the date sheet I'm just here today to assist but I can ask about that well that I mean we're the ones that decided anyway but I'm just curious on here is that it because there's also before us there was a motion to strike mr. Lobbins brief I believe because he didn't appeal from below so maybe we can start the clock again and maybe mr. O'Connor if you can address that yes starting how much time do you want me to put on the clock well I don't know I don't know so I'll let you know on that because I think that the panel's got it is I is mr. Lobbin a party yes I believe he is right now he lost below though he what's his status to be a party here to are you just stating part of your oral argument to him or what is that we could look at yeah or I can tell you what his argument is basically that he wasn't even involved in this conversation where he supposedly this agreement that where mr. Lester you're set forth his plans positions he wasn't even in that conversation I don't see how he can be on the the substance of the of the arguments that I'm making well who's giving him two minutes then you're giving him two minutes yes yes I'm your time yeah okay and you want three minutes on rebuttal right well wait a minute no no I'm sorry we had that would be I thought we had five minutes on rebuttal but you have 15 minutes total right I'm just looking at this and so right so that would be three minutes yes all right but when the clock started out I guess for the courtroom court did we put 15 yeah yes yes all right but if if mr. Lobbins taking two then you're down to and you want three on rebuttal you're down to 14 am I is the math wrong here they said there'd be no math here but maybe I can talk to my colleagues here am I reading that I I'm sorry I apologize I usually discuss this previously or straighten this out before that's why I've stopped the clock but so I think you're right on it's 14 seconds with Steve having two and then having me having three for rebuttal if we can do that if my colleagues want to proceed that way yes I'm fine with it all right so you're basically down so you you you would have three minutes and 14 seconds for rebuttal at this point so do you want to stop right now and then give the two minutes to mr. Lobbin yes okay all right so now I'll instruct the clerk to put two minutes on for mr. Lobbin he's not gonna have any rebuttal time he's got two minutes total and mr. O'Connor has three minutes and 14 seconds left on rebuttal yeah thank you I apologize thank you all right mr. Lobbin state your appearance and tell me tell me why you get to talk to us and why we should strike your brief even Lobbin here SML of Akati PC's my firm I'm a party to the case were aligned in the issues on this appeal with clips group I didn't file a separate notice but I am a party to the case and and filed a brief and I'll take the court's instruction as whether I get to chime in but I would like giving you two minutes yeah we're down yeah I would like to make a few a couple points and I appreciate your honors your principal brief didn't come prior to the police opportunity to respond correct it was a it was a brief filed at the at the opportunity after the opening appeal brief was filed and you've brought up the rescission neutrality argument that I don't see in the clips is principal brief so they've never had a chance to respond to that understood your honor I did bring that up you know look this is an issue of law the Nova review the suppose that we were to reverse would that benefit you or does the judgment still stand this to you even if we reverse this to eclipse because you did not file a notice of appeal well I get the technical point and your honor perhaps it was a little more than technical possibly well I believe the contract if correctly construed it would inure to my benefit I believe or to my detriment if construed by this court so you know separate to appeal filing fee perhaps was why I didn't file but we clips and I are totally aligned on the issue of this contract needs to be correctly construed and as a practical matter you know this is it to judge Callahan's point this is a case of no good deed goes unpunished by a big corporation this has been a 10-year journey just to get paid okay and so we believe that the equities compel some consideration if there is parole evidence considered you consider the context of this case it's not about contracts it's not about breach of contract it's about quantum merriment this case was about value for services rendered so there is no separation between target and Kmart and there's no 25k two debtors that's classic joint and several liability thank you it seems like it's really easy to say that's what lawyers do and we got and I got three of them here sitting in the room right thank you I don't I don't want to go over my time but yes there are three lawyers I was taught contracts by professor McGovern at UCLA seems like a first-year issue that the four quarters of the contract need to control and let me find out if my colleagues have any additional questions of you do either of you have any additional questions of mr. Lobbin no okay all right thank you then we'll move to mr. Letchinger I don't I may have botched that I'm sorry no actually you did a very good job so appreciate that because it doesn't happen very often and may it accord my name is John Letchinger and I represent target I think I'm gonna well why don't you just ask really quickly because I think one of my colleagues noted that mr. Lobbin when he filed the brief it it didn't really give you a chance to say anything but by the same token I checked and I don't think you ever asked for an opportunity to reply did you we did not your honor we elected to file the motion to strike because as mr. Lobbin just acknowledged he didn't file a notice of appeal we think the judgment is binding on him but with respect to what he did file and with respect to judge Dickinson's question about rescission and when it was raised I wanted to just make one point if I if I could mr. Lobbin accuses us of falsely asserting that the rescission issue was never raised before the lower court and then he cites a footnote in an opposition brief he filed he points to ECF 254 well that is the absolute first time anything about the enforceability or rescission of this contract came up and that was four months after the notice of appeal was filed mr. Lobbin mentioned that ECF 254 is an opposition to our motion for fees well after the the motion to enforce was decided well after the motion to reconsider was decided and well after the notice of appeal by Eclipse was filed so council yes council I understand your point on that let me get you back to the main argument I want to tell you what I'm thinking here so that you can respond to it and I start with California with the California statute at civil code 1660 a promise made in the singular number but executed by several persons is presumed to be joint in several now when I read a statute like that I think that's not just an instruction to courts on how to read it it's also the context the contracts are made when you when lawyers draft a contract they know what the law is regulating contracts and then I look at what the settlement agreement says and it says targeting Kmart agree to cause Eclipse and Lobbin to be paid a collective sum of four hundred twenty five thousand dollars to be distributed between Eclipse and Lobbin as detailed in this agreement payment to Eclipse shall be in the amount of two hundred thirty two thousand nine hundred eighteen dollars and and so forth and it says that Eclipse and Lobbin recognize the targeting Kmart will each pay a portion of the settlement proceeds and Eclipse and Lobbin may receive their payments in one or more check payments from target and or Kmart now when I put that together with the statutory presumption I several they write a contract that says that it's mainly directed toward the total collective sum and how it should be distributed between Eclipse and Lobbin not there's not a word in there about how it shall be distributed between targeting Kmart even though the draftsman all know that the presumption is it's going with several where the the contract expressly speaks to portions it puts it in terms of showing that the money may not come in in one check it may come in in two checks which obviously means that it's going to come from as the contract says target and or Kmart now the virgule between and and or that's been troublesome to me in so many cases since the 1970s when I was in practice it's inherently ambiguous whenever I see a virgule I think so is it and or is it or in this context with the statute saying that there's a presumption of joint and several all I can figure is that the lawyers meant that it's not a Lobbins and Eclipse's business which department store or whatever it is pays how much of the money all they care about is how much Eclipse gets and how much Lobbins gets and what that means is reverse what am I missing there that's that's my logic on it my thinking and you have to think that it's wrong because you want us to affirm so explain to me what I'm misunderstanding thank you your honor in respect right it Eclipse and Mr. Lobbins pursued at the lower court this entire matter on reliance on section 1431 which is a different presumption and it's a stronger presumption they argued it the court agreed that 1659 and 1660 applies on the face of 1431 it specifically says in a situation of one type of contracting situation that you can only rebut it with certain language contrast and compare 1659 and 60 the interpretation by both a California school district court in California is that the presumption is extremely weak it is the lowest form of evidence and it's a rebuttable presumption but I can't see anything that rebuts it I'm gonna do my best to try to convince you otherwise the section you were reading just I felt I agree that part of it talks about what certain quotations and or etc the very first sentence of the last paragraph of section 3 found that I said had to be in the agreement Eclipse and Lobbin recognize that Target and Kmart will each pay a portion that was my obviously poor attempt to try to make sure it was very clear this is not joint and several and that that that clause doesn't stand alone it it's part of a set one sentence and the sentence says recognize that each will pay a portion and Eclipse and Lobbin may receive their payments and one or more checks wire payments from Target and or Kmart and the context when you read the whole sentence seems to be that Lobbin and Eclipse should recognize it may not be one check it may be two checks because in terms of well this part was logistics because Mr. Lobbin joined in later and he insisted on being paid directly as opposed to it all being paid together because he didn't just press Eclipse so that's why that language is in there but I believe your brief content that Target insisted during negotiations that Target would pay two-thirds of the settlement amount and Kmart would pay one-third but the settlement in principle email drafted by Target's counsel doesn't mention this nor does the final agreement so if I don't understand why if it's such an important term that was not included in either of these documents and then if I want to go bigger context how should we interpret Target's representation in the email setting forth the settlement terms that Target and Kmart would make payments quote in amounts to be determined by them unquote what if anything would have stopped the companies from agreeing for example that Kmart would pay the bulk of the settlement in the amount so it's like we got all of this but then none of it makes it into the agreement and so and I got three lawyers here unfortunately I didn't draft the agreement and I I should have and I think one one fact that's undisputed is I requested two agreements from the outset that's part of what judge San Martino relied on is one of I think six pieces of extrinsic evidence if she goes beyond the written agreement itself the fact that hurts you instead of helping you I mean if you say no I insist we're Target we're only going to pay two-thirds we're not going to pay the whole thing but then it doesn't make it into the agreement that means that it cuts against your side it I think I got it your honor with the language saying that they acknowledge and agree that we're paying some is coming from Target some is coming from Kmart I have been easy enough to write in that X dollars will come from Target and Y dollars will come from Kmart people people write in how much they're gonna pay when they're limiting how much they're gonna pay I I don't disagree with that your honor but I think the the requirement that's a contract acknowledged that they understand that each one of us has a portion is enough to rebut the weak presumption in fact what if what if we don't agree with you and I'm not I'm saying this hypothetically that the settlement agreement doesn't impose joint liability well but also believe that the amount of targets liability in the agreement was uncertain what do we do did we just say the contracts void what do we do I think because I was never argued before the never requested and it was not requested by Eclipse or addressed by Eclipse and it's opening brief before this court I believe that that remedy is not available available counsel I guess you get your money back right oh and that's that's the next point judging thing which is that in order for there to be a rescission everyone has to be put back in their original positions so the money has to be returned I don't even know if it's possible at this point because Kmart has gone bankrupt and is now not part of this anymore but certainly I don't even see why why it's an issue I don't see why we would why there'd be any rescission I mean it's pretty common in personal injury cases involving multiple parties for the defendants to agree to pay the plaintiff the total settlement sum and it's not a plaintiff's business how the defendants agree to divide it up among themselves it's the defendants business they're the plaintiff to only hold this defendant for this much and that defendant for that much they say so otherwise the plaintiff doesn't have to sign a release till he gets all his money and as for who winds up paying the money the defendants can fight among themselves that's that's how it always works and every lawyer knows it and if you're gonna make it the plaintiff's problem to hold a particular defendant instead of the defendants problem to I don't see anything wrong with a deal that says the two of us are gonna pay you this much money and it's none of your business how much one defendant pays and how much the other defendant pays I just don't see why it rescind I don't see the problem I don't I don't see the ambiguity I'm just missing what the problem is let alone the solution several things your honor you hit one thing on the head which is this is not a personal injury case and the 1659 and 1660 are specific to contract situations as opposed to injury situations where yeah and they're working for you then it would be in a personal injury case but you have to also look your honor at the context of what the settlement agreements covering it's covering how to resolve a lawsuit where we had completely separate and several obligations the only reason that they're in a lawsuit together is because it was common counsel I'm sorry yeah I was wondering why you were in there at all that was it that's it and it was separate plaintiffs never co-defendants and talking about joint and several liability when you look at the complaint against it was at this point it was against Target Kmart and Toys R Us was also in the case okay Toys R Us went bankrupt if hoping I can find it if you look at the way they pled the complaint against us they go out of their way at it's at SCR that's a supplemental record at 66 when they get to start delineating the dollars which all come out to one-third two-third when they get to a line item where both Toys R Us and Target were co-defendants they specify joint and several liability in their prayer but for every other element of damage it's only several it's an amount against Target and it's amount against Kmart there's no suggestion in the underlying litigation of any joint and several liability those are the circumstances that lead to the settlement agreement here have you spent more on attorney's fees than a hundred and forty thousand dollars I'm I'm paying the 140 yes no it's too bad there wasn't a hearing below because do you agree that the district court may have been wrong when it said that all parties agree to the two-thirds one-third divisibility oh I your honor I think that's the one thing judge San Martino said she acknowledged there wasn't agreement on but what she did say is there's agreement that the settlement amount was based on the invoices that's an admission by miss Hamilton even in her should have had a hearing on that it was disputed that wasn't that wasn't part of her finding it was and it wasn't part of the extrinsic evidence she relied on she specifically said if I remember correctly that even if we take it as true that the parties didn't discuss one-third two-third expressly what she found compelling was the underlying litigation came out that way then she proceeded to identify six other things she found compelling in the extrinsic evidence to overcome the presumption including the fact that for instance she looked at my June 28 email that right right out of the box before mr. Lobb and was even a party to this because he was he was resisting first thing I said is I'll agree to one settlement agreement but I need it to be that's what that's how best what resulted in language at the end of paragraph three it's a lot legislative intent then we but then we look at the words that are finally there it's like there's a lot of things people want that don't end up in a contract so I think this one did end up in the contract because it's so I don't I don't understand something there what you've just explained to us makes it very clear that you wanted a limitation so the target wouldn't be stuck with more than two-thirds but it's it's not there in the contract so if you want something and you make it explicit that you want it and then it's not written into the contract why doesn't that cut against your side I mean what you're saying is it's fair we should only pay two-thirds I made it very clear to the other side we only wanted to pay two-thirds we were only willing to pay two-thirds and then he signed a deal that doesn't say that it seems to me that makes it worse for your argument instead of better because we know that that possibility was put on the table by you and you didn't get it in writing well we also have the other side claiming that they they wanted to have joint and several liability they were abundantly aware of the presumption they didn't include it and they actually admit in their opening brief at 21 and 22 that they intentionally stayed quiet on it because they were relying on then the wrong presumption which is a stronger presumption and they figured that would kick in and they didn't want to raise it because they knew we'd never agree to it so with that I would also say that there's a statute in California that says it's it's civil code 1654 in cases of uncertainty the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist I know just conflict you're gonna say well you didn't put it in the in the agreement I'm not talking about the language I'm talking about sitting on your rights they expressly state that they they also admit for the first time in their opening brief new argument they admit that the agreement does not call for joint liability instead they're saying we were relying on our but they know perfectly well the statute says it's joint and several unless it unless it's proven otherwise unless something overcomes that presumption so all they have to do is sit on their head hold on one sec um where you're over time but let me find out if my colleagues have been we've taken you over time and your time's up so thank you thank you and then you have three minutes and 14 seconds mr. O'Connor for your rebuttal thank you oh you got to put your mic on oh yeah there we are thank you honor one make one thing very clear I never took the position that this contract should be void we took the position that it should never be voided and we said was that and I addressed this I think judge Higginson asked about this on page 7 footnote 1 I said neither the court nor Target took the position that Target and Kmart had the right to bind plaintiff with Target and Kmart's subsequent determination as to their respective contributions such a position would void the contract ab initio because there would be no established liability as of the signing of the contrary reading from I'm sorry is are you reading that new argument from the principal yes from the original brief page 7 footnote 1 okay so so if we see ambiguity and and the amount isn't clarified your position is you owe them back the money no my position that neither one of them owes any given amount in other words they can each one can say I owe 10% I owe 10% and you're stuck with it that means we have no recourse that would be an invalid contract so they can't take that position without voiding the contract in the court you went along with that interpretation the court would be voiding the contract which should not be voided because it's a joint in several contracts what doesn't say joint in several I'm curious about what mr. Lechinger said about there were other parties that were involved in their contracts had joint in several and this one doesn't is that true I don't know what he's talking about with regard to this particular case this is the only I was talking about toys are us and I think he mentioned someone else what were there other parties that were involved in this initially I don't believe mr. Lobb and can answer that because he represented all these parties I don't know I just represented them in well I don't know does anyone else have to either of my colleagues are they curious about that I don't like to make it no I mean I don't like to make it like okay let everyone here raise your hands if you want to talk I try to try to have a little order here but I do well I guess I'm still on the earlier point I don't need to hear from mr. Lobb and but but I'm happy if either of you to do what's your best case that the district court added an additional term with the two-thirds one-third cap simple there's nothing in this in this I'm asking your best case California law case oh yeah it's the I'm sorry it was the give me one second and pull up my brief it's in the brief I've got then that's fine your time is almost up you have them in the brief in the opening brief if there's nothing else thank you all right here at zero okay thank you both for your arguments and this matter will stand submitted and I believe that what happened here okay okay the court's in recess for the week if the judges stay on will be removed to the voting room thank you thank you thank you Donna thank you he's having business with the Honorable the United States Court of Appeals for the Ninth Circuit will now depart from this court where
judges: Higginson, Kleinfeld, Callahan